UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES *ex rel.*
STEVEN ASHMORE,

    Plaintiff,

v.                                                             CASE NO. 8:16-cv-1387-T-23JSS

1st FINANCIAL, INC.,

    Defendant.
_____/

## **ORDER**

    The complaint (Doc. 30) appears to allege that the relator, who worked as a mortgage underwriter at defendant 1st Financial's Land O' Lakes office for five days in 2016, discovered a mortgage-fraud scheme.[1] Suing under the False Claims Act and a Florida whistleblower-protection statute, the relator claims that 1st Financial lent money to prospective mortgagors in violation of unspecified "underwriting standards and guidelines." (Doc. 30 at ¶ 22) 1st Financial allegedly sold the mortgages to third-party investors, who allegedly packaged and sold the loans to

---

[1] 1st Financial charitably describes the complaint as "meandering." In fact, through either startling ineptitude or gross inattention to detail or both, the relator blunders into several grammatical conventions that impede the reader's understanding the alleged fraud scheme. The relator often deploys fragmented sentences, asyntactic constructions, ambiguous pronouns, and an indefinite subject with a passive verb (and the context provides no helpful clue to the actor's identity). (For example, Doc. 30 at ¶¶ 22, 24, 25, 28) A confusion of agreement errors, omitted words, omitted punctuation, run-on sentences, and misplaced modifiers further compound the resulting obscurity of the allegations.

Fannie Mae and Freddie Mac. (Doc. 30 at ¶¶ 25–26) Although the complaint contains no allegation that a mortgagor defaulted, the relator concludes that the United States "sustained massive losses." (Doc. 30 at ¶ 8) Finally, the relator claims that 1st Financial fired him for reporting the purported fraud to a supervisor. (Doc. 30 at ¶¶ 65–71) 1st Financial moves (Doc. 32) to dismiss the complaint under Rules 9(b) and 12(b)(6), Federal Rules of Civil Procedure.

## DISCUSSION

**1. Submission of a false claim to the United States**

Because the False Claims Act punishes fraud against the United States, Rule 9(b) requires a relator to allege "with particularity the circumstances constituting fraud." In *United States ex rel. Clausen v. Lab. Corp. of America, Inc.*, 290 F.3d 1301 (11th Cir. 2002), a relator alleged a fraudulent scheme to bill the United States for medically unnecessary tests but failed to identify a single claim submitted to the United States. Affirming the district court's dismissal of the action for violating Rule 9(b), *Clausen* holds that a relator must allege specific facts to show the "actual submission" of a false claim to the United States. A relator cannot "describe a private scheme in detail but then [] allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted, or should have been submitted to the government." *Clausen*, 290 F.3d at 1311.

No specific and well-pleaded facts show the "actual submission" of a false claim to the United States, and the "sample loans" alleged in paragraphs thirty-six through thirty-eight suffer from a defect similar to that in *Clausen*. For example, paragraph thirty-seven alleges that a prospective mortgagor applied to 1st Financial for a "Fannie Mae loan." According to the relator, the applicant's stated employment history counseled against approval, but 1st Financial approved the loan anyway. Other than the unsubstantiated allegation that the transaction was a "Fannie Mae loan," no facts specifically connect the loan to the United States. For example, the relator fails to identify the day that Fannie Mae bought the mortgage from the investor to whom 1st Financial purportedly sold the mortgage, and the relator appends to the complaint no evidence to show that Fannie Mae "actually" bought that loan (or any other allegedly fraudulent loan originated by 1st Financial). *See United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006) (explaining that Rule 9(b) requires a relator to allege specific facts "as to the time, place, and substance of the defendant's alleged fraud"). And the relator fails to detail the substance of 1st Financial's alleged fraud. If anything, the details in the complaint suggest that prospective mortgagors defrauded 1st Financial (Doc. 30 at ¶¶ 36–38), but no well-pleaded facts describe "with particularity" what fact

1st Financial misrepresented and when 1st Financial misrepresented that fact. Also, the relator fails to specify to whom 1st Financial allegedly misrepresented a fact.[2]

In addition to failing to plead fraud with particularity, the complaint suffers from at least two other defects. First, several paragraphs violate Rule 10(b), which requires limiting each paragraph to a "single set of circumstances." Second, each count in the complaint impermissibly incorporates by reference all of the preceding paragraphs. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (describing a "shotgun" complaint).

Also, 1st Financial correctly observes that liability under the False Claims Act requires the submission of a false claim to the United States and that Fannie Mae and Freddie Mac (although chartered by Congress) are private corporations.[3] (Doc. 32 at 11, which cites *United States ex rel. Adams v. Aurora Loan Servs., Inc.*, 813 F.3d 1259 (9th Cir. 2016) (Silverman, J.)) A "claim" means "any request or demand" for money or property:

> (i) presented to an officer, employee, or agent of the United States; or
>
> (ii) made to a contractor, grantee, or other recipient, if the money is to be used or spent on the Government's behalf or to advance a Government program or interest, and if the United States Government:

---

[2] Several conclusory or general allegations (for example, paragraphs 2, 4, 21, 22, 23, 24, 25, 26, and 27) provide no informative details.

[3] Also, 1st Financial argues that the relator fails to qualify as an "original source" (Doc. 32 at 14), but 1st Financial identifies no news article or federal hearing, report, investigation, or audit that exposed 1st Financial's alleged fraud to the public and consequently triggered the public-disclosure bar.

> (I) provides or has provided any portion of the money or property requested or demanded; or
>
> (II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded.

31 U.S.C. § 3729(b)(2)(A). Although not "officer[s], employee[s], or agent[s]" of the United States, Fannie Mae and Freddie Mac might qualify as "recipient[s]" if the relator alleges with specificity facts sufficient to show that the United States provided some or all of the money that 1st Financial "request[ed]" or "demand[ed]" from Fannie Mae and Freddie Mac.[4] The complaint includes no specific and well-pleaded facts to show that the United States provided the money "requested" or "demanded" by 1st Finance, but a well-pleaded amendment might cure that defect.[5]

**2. Retaliation**

1st Financial argues that the relator fails to state a claim for retaliation under the False Claims Act because the complaint fails to allege that the relator attempted "to stop the alleged submission of false claims to the United States." (Doc. 32 at 15) A retaliation claim under the False Claims Act requires well-pleaded facts sufficient to show that the defendant retaliated against the plaintiff for attempting to stop an actual or reasonably suspected violation of Section 3729 of the False Claims Act, but to state a claim for retaliation the plaintiff need not allege with particularity the fraud

---

[4] *Adams* expressly declines to resolve whether the mortgage-fraud scheme alleged in that action constitutes a "claim" under Section 3729(b)(2)(A)(ii). 813 F.3d at 1261.

[5] This order expresses no opinion whether the sale of a mortgage to an investor who might sell the mortgage to Fannie Mae or Freddie Mac constitutes a "request" or "demand."

that the plaintiff purportedly reported to the defendant. *See United States ex rel. Sanchez v. Lymphatx, Inc.*, 596 F.3d 1300, 1304 (11th Cir. 2010) (holding that a relator stated a claim for False Claims Act retaliation despite failing to state a claim under Section 3729). Because the relator alleges generally — albeit confusingly — that he reported to a supervisor suspected fraud against the United States and that 1st Financial consequently fired him, the relator states a claim for retaliation.

Finally, 1st Financial argues that the relator fails to state a claim under Section 448.102(3) because the relator alleges no "violation of any state, federal, or local statute." (Doc. 32 at 16) In fact, the relator alleges (although not with the particularity required to state a claim) a violation of Section 3729 of the False Claims Act.[6] Again, to state a claim under Section 448.102(3) the relator need not allege with particularity the fraudulent conduct that underlays the alleged retaliation. Because the relator alleges facts to show that the 1st Financial retaliated against him for opposing 1st Financial's purported violation of Section 3729, the relator states a claim under Section 448.102(3).

## CONCLUSION

Replete with confusing and conclusory allegations but lacking in well-pleaded and specific facts, the claims under Section 3729 violate Rule 9(b), but the relator

---

[6] Unlike a False Claims Act retaliation claim, which might succeed even if the conduct reasonably suspected of violating the False Claims Act ultimately proves lawful, a claim under Section 448.102(3) requires the plaintiff to prove an "actual violation of law." *Kearns v. Farmer Acquisition Co.*, 157 So. 3d 458 (Fla. 2d DCA 2015) (Silberman, J.) (collecting decisions).

states claims for retaliation under the False Claims Act and under Section 448.102(3). For the reasons explained above, the motion (Doc. 32) to dismiss is **GRANTED-IN-PART** and **DENIED-IN-PART**, and counts one through three are **DISMISSED**. The relator may amend the complaint no later than **JANUARY 24, 2018**. If a count in the second amended complaint fails to state a claim, the relator may not amend the complaint a third time absent an extraordinary circumstance. 1st Financial's motion (Doc. 34) for leave to reply to the response in opposition is **DENIED**.

ORDERED in Tampa, Florida, on January 5, 2018.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE